UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                     Nos.  1:21-cr-00097-LTS-1
                                                                         1:21-cv-9085-LTS

JEFFERSON SANCHEZ,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Defendant Jefferson Sanchez, proceeding pro se, has moved under 28 U.S.C. section 2255 to vacate his judgment of conviction entered by the undersigned in United States v. Sanchez, 21-CR-97-LTS. For the reasons stated below, Mr. Sanchez's motion is denied.

## BACKGROUND

On February 23, 2021, the Court accepted Mr. Sanchez's guilty plea to one count of violating 18 U.S.C. section 3146—Mr. Sanchez had failed to surrender for his prison sentence in a separate case before Judge Lewis A. Kaplan[1]. (Docket entry no. 6 (Information); docket entry no. 11 (Order Accepting Guilty Plea).) On April 22, 2021, Mr. Sanchez was sentenced to 5 months of imprisonment for bail jumping (to run consecutively to the sentence previously imposed by Judge Kaplan), as well as 3 years of supervised release (to run concurrently with the supervised release term previously imposed by Judge Kaplan). (Docket entry no. 20 (Judgment).) Mr. Sanchez did not appeal from his conviction. On October 25, 2021, Mr.

---

[1]     In the case before Judge Kaplan, Mr. Sanchez was convicted of one count of conspiracy to steal public funds, and two counts of making and subscribing to false tax returns. See 18-CR-781-LAK.

Sanchez filed a pro se motion with this Court pursuant to 28 U.S.C. section 2255 seeking to vacate his conviction. (Docket entry no. 30 ("Motion").)

### DISCUSSION

The relevant portion of 28 U.S.C. section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Relief under this section is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996). Because Mr. Sanchez is proceeding pro se, the Court construes his section 2255 motion liberally. Rosa v. United States, 170 F. Supp. 2d 388, 399 (S.D.N.Y. 2001). Here, Mr. Sanchez appears to argue that his conviction was invalid because the Court lacked jurisdiction over him due to a deficiency in the charging instrument. Mr. Sanchez's Motion is denied for two reasons: (1) his failure to appeal his conviction procedurally bars his section 2255 claim; and (2) his claim lacks support in the record.

First, it is well-established that "[a] motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998). Accordingly, where a petitioner does not bring a claim on direct appeal, he is barred from raising that claim in a subsequent section 2255 motion unless he can establish "that there was cause for failing to raise

the issue, and prejudice resulting therefrom." United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995).  "This rule also applies where the defendant fails to appeal at all."  Rosa, 170 F. Supp. 2d at 396.  Here, Mr. Sanchez's Motion includes no discussion whatsoever of his failure to appeal, and, even construed liberally, does not advance any arguments which might show cause for his failure to appeal his conviction.  The section 2255 claim is accordingly procedurally barred.

However, even assuming *arguendo* that the claim is not barred, Mr. Sanchez's section 2255 claim would also fail on the merits.  Construed liberally, Mr. Sanchez's motion appears to argue that the Court lacked jurisdiction over him primarily because his charging instrument did not properly name the United States of America as a party.  This contention lacks support in the record, as a review of the Information in this case demonstrates that the United States of America was, indeed, properly named and listed as the prosecuting party.  (Information at 1.)  In any event, even if there were a minor defect with the manner in which the United States was named in the Information, such error would not merit vacating the conviction.  See, e.g., United States v. Goodwin, 141 F.3d 394, 400 (2d Cir. 1997) ("Convictions are no longer reversed because of minor and technical deficiencies [in an indictment] which did not prejudice the accused.") (citation omitted).

### CONCLUSION

For the foregoing reasons, Mr. Sanchez's Motion is denied.  The Clerk of Court is directed to enter judgment denying the Motion and to close the above-captioned civil case.

SO ORDERED.

Dated: New York, New York
November 4, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge